**BOARD OF FIREMEN'S RELIEF AND RE-TIREMENT FUND TRUSTEES OF AMA-RILLO, Texas et al., Appellants,**

v.

**Earle M. PARKS et al., Appellees.**

**No. 7765.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 18, 1967.

Rehearing Denied Jan. 29, 1968.

C. J. Taylor, City Atty., Larry Brandon, Asst. City Atty., Amarillo, for appellants.

Lockhart & Wilds, Amarillo, for appellees.

NORTHCUTT, Justice.

Earle M. Parks and others resigned from their jobs as firemen for Amarillo Fire Department and will hereafter be referred to as appellees. Appellees filed suit against the Board of Firemen's Relief and Retirement Fund Trustees of Amarillo, Texas, et al, hereinafter referred to as appellants, for a refund of payments they had made during their employment to the Firemen's Relief and Retirement Fund. The trial court held that they were entitled to the refunds under Art. 6243e, Sec. 10A(f) Vernon's Ann.Civ.

St. The court further found and ordered as follows:

"It being further found by the Court that no program for the making of refunds in lump sum payments has been adopted by the participating members of the Firemen's Relief and Retirement Fund Trustees of Amarillo, Texas.

IT IF FURTHER ORDERED, ADJUDGED AND DECREED that the Board of Trustees of said Firemen's Relief and Retirement Fund make or cause to be made payment of refunds to the above listed Plaintiffs, in either lump sum payments, if elections are held authorizing such payments, or in installment payments, the total sum due to each Plaintiff to be paid within one year from the date of final judgment, in such installment payments as may be reasonably directed by said Board of Trustees."

From that judgment, all of the defendants below perfected this appeal.

The sole question here involved is a construction of Art. 6243e, Sec. 10A(f). It is appellees' contention that that section requires a refund and that the only discretion in the Board of Trustees or the members of the fund is as to whether the refund will be in a lump sum or in installments. It is appellants' contention that the only kind of refund provided or intended is by lump sum and that the Board and members can either refund in a lump sum or not at all as they elect. So far as we have been able to ascertain, this provision has not been construed by any of the appellate courts of this state.

Art. 6243e, Sec. 10A(f) is as follows:

"(f) In the event a fireman terminates, resigns, or leaves the active full-time service of the fire department for any reason other than those for which pension benefits will accrue, and before he receives his twenty (20) year pension certificate not having completed twenty (20) years of active full-time service in the city's fire department, he shall receive an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief and Retirement Fund. However, no lump sum payment shall be made without prior approval by majority vote of the Board of Trustees. The adoption of a program to make lump sum payments to terminated firemen in the amount of their total monthly contributions, subject to approval by the Board of Trustees, shall be effective upon a majority vote of the participating members of the Firemen's Relief and Retirement Fund."

All of the appellees come within the terms of said article by resigning before receiving their twenty year pension certificate not having completed twenty years of active full-time service in the city's fire department, and since it is provided they *shall* (emphasis ours) receive an amount equal to the sum total of their monthly payments made while a participating member in the Firemen's Relief and Retirement Fund, the only issue then is how are they to be paid.

No lump sum payment could be recovered without a prior approval by the majority vote of the Board of Trustees and that has not been done in this case. Therefore, the only remedy left would be an equitable installment plan. As we construe the above article, each appellee is entitled to recover an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief and Retirement Fund, and the only option which rests with the Board of Trustees or the participating members of the fund is with respect to whether refund or contribution shall be made in a lump sum. We overrule appellants' contention. Judgment of the trial court is affirmed.