

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 13, 1970

Mrs. Marie Winters
Firemen's Pension Commissioner
1010 Sam Houston Building
Austin, Texas   78701

Opinion No. M- 630

Re:   May a former member of the
Firemen's Relief and Re-
tirement Fund who withdrew
his contributions and can-
celled all his service,
return and be eligible to
membership in the Fund
after he has passed the
age of 35 years (Art.
6243e, Sec. 10A-2, V.C.S.).

Dear Mrs. Winters:

In your letter requesting an opinion from this office,
you submit the following facts which we quote, in part, as follows:

"The Fire Department of Brownwood, Texas,
has re-hired a fireman who was in the Fire
Department but resigned and withdrew his con-
tributions and signed a copy of our standard
form 35, . . .

"  . . .

"It is the policy of all our other Pension
Boards, in which this office concurs, that when
a fireman resigns and withdraws his contributions
he cancels out all prior service, since he is not
allowed credit nor is there a provision for repay-
ment of contributions so withdrawn.  . . ."

In addition, you have informed us that the individual who is the
subject of your inquiry originally joined the City of Brownwood
Fire Department at the age of 21 on June 10, 1955.  He served
continuously as a fireman until he resigned from the Department
on March 1, 1965.  Thereafter, he was re-hired by the fire depart-
ment on March 1, 1966, and he again resigned on August 5, 1968.  On
January 12, 1970, he was re-hired as a fireman with the department.

-3014-

With regard to these facts, you ask the following question:

> ". . . May we have your official ruling as
> to whether or not a man may withdraw his con-
> tributions, cancel all service and again return
> to the Department even though he is over 35.
>
> ". . ."

The provisions of the Firemen's Relief and Retirement Fund Act most pertinent in answering your question are contained in Section 10A-2(f), Article 6243e, Vernon's Civil Statutes. The provisions of this Section are applicable to cities of less than 185,000 population and became effective August 28, 1967. Section 10A-2(f) provides, in part, as follows:

> "Each person who shall hereafter become a
> fireman in any city which has a Firemen's Relief
> and Retirement Fund to which he is eligible for
> membership, shall become a member of such Fund
> as a condition of his appointment, and shall by
> acceptance of such position agree to make and
> shall make contributions required under this
> Act of members of such Fund, and shall participate
> in the benefits of membership in such Fund as pro-
> vided in this Act, provided however, that no person
> shall be eligible to membership in any such Fund
> who is more than thirty-five (35) years of age
> at the time he first enters service as a fireman;
> . . ."

Section 10E(d), Article 6243e, Vernon's Civil Statutes, is applicable to cities having a population in excess of 900,000 population. Other than the eligibility for membership requirement specifying the age of thirty rather than thirty-five as the maximum age at the time of first entry into service as a fireman, the provisions of Section 10E(d) are identical with those of Section 10A-2 (f).

The facts submitted in connection with Attorney General's Opinion M-24 (1967) concerned a fireman who had prior service in a fire department but who had resigned and after an absence of more than one year was again employed with the department. At the time of his re-employment he was 31 years old. In construing Section 10E(d) in view of these facts, the opinion holds as follows:

> ". . . The statute, by its terms, did not,
> and does not, apply retroactively, but is directed

at persons who first entered service after the effective date of the act. We note from the fact situation submitted by you that the fireman in question has had an interruption in his service of something over one year. Thus, his re-entry into the service does not constitute a first entry into service. The words of the statute are clear, and there is nothing to indicate a contrary construction. You are therefore advised that it is the opinion of this office that the said fireman is fully entitled to participate in the Firemen's Relief and Retirement Fund as a regular member of his city's Fire Department."

It is our opinion that the interpretation contained in Attorney General's Opinion M-24 (1967) of the phrase "first entered" as that phrase is used in Section 10E(f), is controlling as to the interpretation we must give the same phrase as it appears in Section 10A-2(f).

On the occasion of each of his two resignations from the Brownwood Fire Department, the subject individual was authorized to withdraw his contributions to the Pension Fund under the provisions of Section 10A-2(f), Article 6243e, Vernon's Civil Statutes, and the holdings of Attorney General's Opinions C-153 (1963), C-572 (1965) and Board of Firemen's Relief and Retirement Fund Trustees of Amarillo, et al. v. Parks, et al., 424 S.W.2d 59 (Tex.Civ.App. 1968, n.w.h.). Also, on January 12, 1970, the date he was re-hired by the Brownwood Fire Department, he was authorized to receive retirement credit for his prior service under the authority of Section 21, Article 6243e, Vernon's Civil Statutes. Section 21 provides, in part, as follows:

"Sec. 21. In computing the time or period for retirement for length of service as herein provided, . . . if out more than one (1) year and less than five (5) years, credit shall be given for prior service, but deduction made for the length of time out of service. . . . Any firemen joining any regularly organized fire department coming within the provisions of this Act after the effective date hereof shall be entitled to benefits hereunder after he has filed a statement that he desires to participate in the benefits from the Firemen's Relief and Retirement Fund, as provided in

Section 10 or Section 10B of this Act, but he
shall not be entitled to any disability benefits
on account of any sickness or injury received
before the statement was filed." (Emphasis
added.)

It is noted that while Section 21 provides for receiving retirement credit for previous service, it contains no express provisions which would require an individual at the time of his re-employment as a fireman to refund contributions previously withdrawn by him from the Fund at the time he again becomes a participating member of the city's Firemen's Relief and Retirement Fund. He need not claim such previous service for retirement credit to become eligible as a member of the fund for the future.

It is our opinion that an individual's right to retirement credit for previous service, however, is encumbered with a necessarily implied obligation to refund all contributions previously withdrawn for such service claimed, since all pension benefits provided for under the provisions of Article 6243e are based on total amount of contributions made during the total period of the firemen's active service. A contrary construction of Section 21 would lead to hardship, injustice, and serious consequences, undermining the financial basis of the entire firemen's pension system. This would result in unjust enrichment and be an unreasonable construction. 53 Tex.Jur.2d 243-246, Statutes, § 165 and 166.

## S U M M A R Y

An individual who was re-hired by the Brownwood Fire Department on January 12, 1970, was entitled at that time to become a participating member of that city's Relief and Retirement Fund though he was over 35 years old. However, for him to be entitled to retirement credit for previous service, he must refund all contributions made by him to the Pension Fund which he had previously withdrawn for such service claimed at the times of his previous resignations from the Department.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

Mrs. Marie Winters, page 5 (M-630)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Alan Minter
James McCoy
Dan Green
Tom Sedberry

ALFRED WALKER
Executive Assistant

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant